FRANK D. CLARK AND EDNA A. CLARK, PLAINTIFFS, v. PETER CHAISSON, DEFENDANT.

Decided March 18, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Schneider & Schneider* (*William T. Braun,* of counsel).

*Contra, Evans, Smith & Evans.*

PER CURIAM.

Liability in this case was admitted. The only question mooted on this rule to show cause is the question of damages.

Husband and wife, in a joint action, sued to recover compensation for injuries sustained by them, respectively, resulting from a collision between the husband's automobile, in which the wife was riding, and the automobile of the defendant. There was a verdict of $2,000 for the husband, and a verdict of $3,000 for the wife. Both of the verdicts are attacked by counsel of defendant, upon the grounds that they are excessive, contrary to the charge of the court, and contrary to law.

As to the husband's award for damages, there was testimony from which the jury was warranted in finding that the damage done to his automobile was between $350 and $400; that as a result of his wife's injuries, he was required to hire a housekeeper for $15 a week for three weeks, and subsequently paid his mother-in-law $25 a week for a period of ten months in superintending and taking care of his household and attending her daughter during her illness and incapacity to do the household work. There was testimony that he paid for doctors and hospital bills about $406, and that his expenditures, including the damage to his automobile, amounted to $1,942.75.

Of course, the husband was also entitled to recover damages for the loss of the society of his wife, which circumstance was not referred to by the trial judge in his charge, but nevertheless, we think its omission is of no material consequence, since there is no reason why the jury could not properly have taken into consideration the fact of the loss of consortium. We think the jury, under the evidence, arrived at a just result.

As to the injuries sustained by the female plaintiff. She suffered a fracture of the fifth rib on the left side, severe pain in the sacro-illiac joint, bruises on both knees, and on both elbows; she was bruised in and about her left eye, and sustained a nervous shock. There was testimony that she was confined to the hospital in Passaic for one week, and then removed to her home where she was confined to her bed a month and four days, and during all that time she suffered pains in her back and head continuously; that she has been compelled to wear spectacles as a result of her injuries, and has suffered from intermittent watery diarrhœa, irregular and painful

menstruation and was incapacitated for a long time from performing her household duties. It has not, therefore, been made to appear to us that the award to her is excessive.

The rule to show cause is discharged, with costs.